OPINION
{¶ 1} Plaintiff-appellant Charlene K. Holcomb, nka Charlene K. Westhora, appeals the March 3, 2006 Judgment Entry of the Delaware County Court of Common Pleas. Defendant-appellee is Richard A. Holcomb.
 STATEMENT OF THE CASE AND FACTS {¶ 2} The parties were divorced on February 16, 2000, and shared parental rights of their two children, Zach and Grant. Appellant is a self-employed hairdresser with twenty years experience. She has worked at the same shop in Westerville for the last nine years.
 {¶ 3} On May 23, 2002, the parties terminated the shared parenting plan they had entered into at the time of their divorce. As a result, appellant became the custodial parent of both the parties' children. On November 17, 2004, the Delaware County Child Support Enforcement Agency conducted an administrative review of appellee's child support obligation, increasing the award to appellant pursuant to R.C. 3113.216.
 {¶ 4} In August, 2005, appellee filed a motion to modify the decree of divorce relative to the placement of the parties' son, Zach, and to have his child support obligation modified accordingly. Prior to the trial court's scheduled hearing, the parties' agreed to a shared parenting arrangement, whereby Zach would live primarily with appellee and Grant would live primarily with appellant.
 {¶ 5} The trial court conducted a hearing relative to appellee's request for a modification of his child support obligation on October 31, 2005. On November 29, 2005, the Magistrate filed Findings of Fact and Conclusions of Law and Decision, finding appellant was voluntarily underemployed and imputing income to her in the amount of $27,416.00/yr. Appellant filed objections to the Magistrate's Decision. On March 3, 2006, the trial court, via Judgment Entry, overruled the objections and approved the Magistrate's Decision.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S DECISION."
 {¶ 8} Initially, we note appellee did not submit any evidence with regard to appellant's income. Rather, as the Magistrates explained during the hearing in this matter:
 {¶ 9} "First of all, that is the figure that was used by the child support enforcement agency in their order dated November 17, 2004 and you filed no appeal from that order. Second of all, I find that income from anyone with a high school education to be well above what you are currently alleging to be currently making."
 {¶ 10} Appellant argues the magistrate improperly relied on the administrative review and computation of the Delaware County CSEA conducted in November 2004. The magistrate commented at the hearing as to appellant's "failure" to object to the prior child support order. A review of the CSEA administrative recommendation demonstrates the agency actually increased appellee's child support obligation in favor of appellant. It is not unexpected appellant would not appeal the administrative review, in as much as she benefited from it because appellee's child support obligation was increased. Appellant's decision not to appeal the CSEA order does not necessarily indicate appellant agreed with the figure determined to be her income.
 {¶ 11} We do not find appellant's failure to object to the CSEA determination of her income, in and of itself, a persuasive or compelling reason to impute that same amount of income, particularly in light of the additional evidence appellant presented as to her then current income at the October 31, 2005 magistrate hearing. However, the trial court also based its decision on it's finding appellant was voluntarily underemployed. Specifically, the court found:
 {¶ 12} "7. The Court finds that the testimony of Wife that she voluntarily is underemployed, working only when it does not interfere with the school matters for her two children, and her two step-children.
 {¶ 13} "8. The Court finds that she has been a hair stylist, has maintained her education qualification and license for more than 20 years, is regularly employed but (by her testimony) only when it does not interfere with her children's school activities and that her employment is less than full-time employment and voluntarily less than full-time employment by Plaintiff-Mother."
 {¶ 14} Upon review of the record and appellant's own testimony, the trial court's finding appellant to be voluntarily underemployed was supported by competent, credible evidence. Accordingly, we overrule appellant's sole assignment of error.
 {¶ 15} The March 3, 2006 Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, P.J., Edwards, J., and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 3, 2006 Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.